# GUST PEARSON v. CHARLES NORLING.[1]

May 10, 1912.

Nos. 17,515—(68).

**Master's duty in respect to instrumentalites.**

Action for personal injury to servant caused by a defective ax handle in the hands of a fellow servant. *Held:* The master's duty is to use ordinary care in providing his servants with reasonably safe instrumentalities to work with. If the master knowingly furnishes defective tools to a servant and, while being carefully used, the tools break because of such known defect, and cause an injury to another servant ignorant of the fact that defective tools were furnished, an action lies in favor of the injured servant.

Action in the district court for St. Louis county to recover $2,325 for personal injuries. From an order, Dancer, J., overruling defendant's demurrer to the complaint, he appealed. Affirmed.

*J. C. McGilvery* and *W. G. Bonham*, for appellant.

*Andrew Nelson* and *George B. Sjoselius*, for respondent.

PER CURIAM.

The complaint, in this a personal injury action, alleged that plaintiff, employed in defendant's lumber camp, was injured by an ax used by another servant of defendant flying off its handle and cutting plaintiff severely in the knee. It is alleged that the injury was caused by defendant's negligence in failing to provide plaintiff's fellow servant with an ax having a suitable handle, and instead thereof providing such servant with an "ax whose handle was old, weak, cracked, and worn out, so that it was in great danger of breaking, and the said ax was in great danger of flying off from the broken handle when the said ax and handle were used in an ordinary manner by the said fellow servant; all of which facts were well known to the defendant but unknown to the plaintiff." A demurrer to the complaint was overruled, and defendant appeals.

[1] Reported in 135 N. W. 1134.

[Note] Liability of master for injury by defect in common tools, see note in 13 L.R.A.(N.S.) 668.

Duty of master to inspect tools or implements furnished servant, see note in 1 L.R.A.(N.S.) 944.

The appellant's contention is that the master owed plaintiff, his servant, no duty of inspecting tools so simple and well understood as an ax; and if the ax handle was defective, the proximate cause of plaintiff's injury was the negligence of his fellow servant in failing to see the defect. The master's duty is to exercise ordinary care in providing his servants with reasonably safe instrumentalities to work with. If the master knowingly furnishes defective instrumentalities or tools to a servant, and such instrumentalities or tools while being carefully used by such servant break because of such known defect, and cause an injury to a fellow servant ignorant of the fact that defective instrumentalities or tools were furnished, it is plain that an action lies in favor of the injured servant. It matters not how simple the construction of the tool. The duty of inspecting simple tools which by use may become defective is not involved in this appeal.

The appeal is without merit, and the order is affirmed.